IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Crim. No. 09-0320 SOM |
| --- | --- | --- |
| Plaintiff, | ) ) ) | Civ. No. 15-00108 SOM/BMK |
| vs. | ) ) | ORDER DISMISSING SECOND PETITION TO VACATE, SET ASIDE, |
| MICHAEL STRINGER, | ) ) | OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DISMISSING SECOND PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

**I.      INTRODUCTION AND BACKGROUND.**

On January 7, 2010, pursuant to a plea agreement, Defendant Michael Stringer pled guilty to Counts 1 and 36 of the indictment. See ECF Nos. 20, 21. Count 1 charged Stringer with a scheme to defraud the State of Hawaii, Department of Taxation, by means of wire communications in violation of 18 U.S.C. § 1343. Count 36 charged Stringer with aggravated identity theft in violation of 18 U.S.C. § 1028A. See ECF No. 2.

Stringer pled guilty before a Magistrate Judge, who issued a Report and Recommendation Concerning Plea of Guilty the same day. See ECF No. 21. On January 27, 2010, this court accepted the plea of guilty. See ECF No. 23.

On November 15, 2010, the court sentenced Stringer to 72 months in custody for Count 1 and to 24 months in custody for Count 36, with the sentences to run consecutively. See Transcript of Proceedings at 18, Nov. 15, 2010, ECF No. 48.

The court sentenced Stringer to supervised release of 3 years for Count 1 and 1 year for Count 36, with those terms running concurrently.  Id.  The court did not impose a fine, but did order $1,072,977 in restitution and $200 in special assessments. Id.  The court then dismissed Counts 2 through 35 of the indictment.  Id. at 19.

On May 16, 2011, Stringer filed his first § 2255 petition, claiming that his counsel had been ineffective.  See ECF No. 20.  On July 18, 2011, this court denied that petition. See ECF No. 50.  The court filed an amended order denying the petition on August 3, 2011.  See ECF No. 53.

On March 24, 2015, Stringer filed a "Motion to Dismiss/Vacate Sentence for Lack of Territorial Jurisdiction." See ECF No. 54.  Because Stringer seeks to vacate his sentence, this document appears to be seeking relief under 28 U.S.C. § 2255.  If Stringer is relying on § 2255, he must first obtain from the Ninth Circuit Court of Appeals certification for his second petition pursuant to 28 U.S.C. § 2255(h).  As Stringer presents no evidence that he has obtained such certification, this court dismisses his present "Motion to Dismiss/Vacate Sentence for Lack of Territorial Jurisdiction."

## II. ANALYSIS.

In his filing of March 24, 2015, Stringer argues that this court lacked jurisdiction such that his sentence should be dismissed or vacated. See ECF No. 54. Because Stringer seeks to vacate, set aside, or correct his sentence, he appears to be seeking relief under 28 U.S.C. § 2255(a).

Stringer has filed an earlier petition under 28 U.S.C. § 2255 and provides this court with no certification from the Ninth Circuit Court of Appeals authorizing him to file a second or successive § 2255 petition. This court therefore is without authority to consider Stringer's present motion. See 28 U.S.C. § 2255(h). The Ninth Circuit has stated that § 2255(h) "creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'" Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015) (quoting United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009)).

**III. CONCLUSION.**

Because Stringer has failed to present certification from the Ninth Circuit Court of Appeals to pursue a second § 2255 petition, this court dismisses his "Motion to Dismiss/Vacate Sentence for Lack of Territorial Jurisdiction."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

U.S. v. Stringer, Crim. No. 09-0320 SOM; Civ. No. 15-00108 SOM/BMK  ORDER DISMISSING SECOND PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 22555